UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
Kevin W. Kulek
    Debtor.
_____/

Keith M. Nathanson,                            Case No. 18-11509
    Appellant                                 Honorable Sean F. Cox

v.                                                    Bankruptcy Case No. 16-21030
Timothy J. Fife,                               Adversary Case No. 17-02001
    Appellees.
_____/

## OPINION AND ORDER

      This is an appeal of the bankruptcy court's decision to sanction an attorney under 28 U.S.C. § 1927. Appellant, as Trustee's special litigation counsel, filed an adversarial complaint against Appellee, seeking to recover two pinball machines that Debtor had allegedly transferred to him in an attempt to defraud creditors. After discovery, the bankruptcy court granted summary judgment in favor of Appellee and awarded § 1927 sanctions against Appellant.

      For the reasons below, the Court will affirm the bankruptcy court's decision to award sanctions.

## BACKGROUND

      Kevin Kulek is the Debtor in the underlying bankruptcy. On January 2, 2017, Trustee Randall Frank, through his special litigation counsel Keith Nathanson, filed an adversarial complaint

1

against Appellee Timothy Fife. Nathanson sought to recover two pinball machines that he alleged Kulek had fraudulently transferred to Fife. One of these machines was styled after the movie "Predator" ("the Predator machine") and one was a partially completed machine based on the TV show "Mythbusters" (the Experts of Dangerousness Cabinet or "the EOD cabinet").

For the factual basis of the complaint, Nathanson relied on statements that Kulek allegedly made in a state court proceeding, two § 341 creditor meetings, and a §2004(b) examination. These statements, Nathanson alleged, showed that Kulek had given the two machines to Fife for "research purposes," but had retained ownership.

Fife answered the complaint and the parties engaged in discovery. In Nathanson's Rule 26(a) disclosures, he referred to Kulek's statements in state court, at the §341 meetings, and at the §2004(b) examination. (ECF No. 3, PageID 254). Nathanson also identified categories of documents that were within his custody, including the transcripts for those proceedings. *Id*. On April 18, 2017, Fife served his First Set of Interrogatories and Requests for Production. (ECF No. 3, PageID 257-265). Nathanson provided unsigned, untimely answers and did not produce any documents. (ECF No. 3, PageID 267-276).

Not satisfied with these deficient responses, Fife's counsel emailed Nathanson, seeking clarification about whether he had possession of the transcripts or any other evidence that would support his claim. (ECF No. 3, PageID 279). In response, Nathanson provided an "Amended and Supplemental Rule 26(a) Disclosure," and made two seemingly contradictory statements: he did not have the transcripts and would rely on the transcripts for impeachment purposes only. (ECF No. 3, PageID 283-287). Despite not having the transcripts, Nathanson still maintained that Kulek had testified about the transfer to Fife at the state court proceeding, the §341 meetings, and the § 2004(b)

examination.

Fife's counsel investigated the alleged evidentiary basis of Nathanson's claims by listening to audio recordings of Kulek's § 341 meetings and the beginning of the § 2004(b) examination. Fife's counsel concluded that this testimony actually contradicted Nathanson's position. Fife's counsel also conducted a phone interview with Kulek, who stated that he never transferred the pinball machines to Fife.

At a June 16, 2017 deposition, Fife testified that Kulek had not given him either machine, and that he had bought them both, for value, from a third party, Mike Magyari.

On July 18, 2017, Fife moved for summary judgment. Fife argued that there was no genuine issue of material fact that he had purchased the pinball machines, for value, from Magyari. On August 1, 2017, Nathanson responded, but did not attach any exhibits indicating that he had sworn testimony or documents to support his claim.[1] Fife replied, pointing out this lack of evidence. Nathanson then filed his own affidavit, swearing that Kulek had previously testified about his transfer to Fife.

One day before the hearing on Fife's motion for summary judgment, Nathanson filed a motion to amend the complaint, seeking to add Magyari as a defendant.

The bankruptcy court granted Fife's summary judgment motion. Fife then filed a motion for sanctions pursuant to 28 U.S.C. § 1927. Fife argued that sanctions were appropriate because, after eight months of repeated assertions about Kulek's statements, Nathanson did not provide any evidence to support his claims. Further, after the investigation by his counsel, Fife reached "the

---

[1] Nathanson attached only one exhibit: a 47-page printout of an Internet forum where pinball enthusiasts discussed Kulek's bankruptcy. (ECF No. 3, PageID 139-156).

inescapable conclusion that he was forced to expend significant sums to defend a claim that was by very definition frivolous, as it was not properly investigated and was at best based on [Nathanson's] inaccurate recollection of testimony or, at worst, a blatant disregard for the truth." (ECF No. 3, PageID 239).

In response to the motion for sanctions, Nathanson argued that he reasonably relied on Kulek's sworn testimony and provided his own sworn affidavit that he pursued the claim in good faith. He also argued that the motion should be denied because Fife did not seek concurrence and could have sought a dispositive motion sooner.

The bankruptcy court granted Fife's motion for sanctions against Nathanson pursuant to § 1927. The court stated that "[a]t the very early stages, including the filing of this adversary proceeding complaint, neither the Trustee nor his counsel can be faulted for relying upon preliminary investigation with the hopes that discovery would uncover additional facts supporting the Trustee's claims." (ECF No. 3, PageID 320). However, in this case, discovery did not provide additional support. In fact, discovery "revealed that Plaintiff did not have a basis for his claims." (ECF No. 3, PageID 321).

Having determined that Nathanson should have realized that the necessary facts did not exist, the court turned to the question of when he should have had this realization. The court concluded that, "while perhaps arbitrary," August 1, 2017 was the date: "Plaintiff's counsel's response to the Defendant's Motion for Summary Judgment, as well as the filing of a request to amend the complaint on the eve of the hearing on the Motion for Summary Judgment all point to one conclusion: by August 1, 2017, Plaintiff's counsel realized that he did not have a case against the Defendant, but he continued." *Id*.

The bankruptcy court also rejected Nathanson's two procedural arguments. The court did not fault Fife for not seeking concurrence before filing his sanctions motion because "[i]n actions for sanctions, this Court assumes that counsel will not concur and therefore will not require counsel to do a useless act." Further, the court was not persuaded by Nathanson's argument that Fife should have filed a dispositive motion sooner because "the lack of fact was not known by the Defendant until after discovery completed and the Plaintiff failed to support his case." (ECF No. 3, PageID 322).[2]

Before the bankruptcy court could decide the appropriate award, Nathanson filed the instant appeal. Nathanson raises four issues in his brief on appeal:

1. Whether the bankruptcy court erred by misapplying the § 1927 standard in awarding sanctions.

2. Whether the bankruptcy court erred by granting sanctions on an "arbitrary date" of August 1, 2017, when Defendant's request for sanction under § 1927 was only for the "extra work" defending the "Experts of Dangerous" cabinet purchase.

3. Whether the bankruptcy court erred in granting Defendant's request for sanctions because the request did not identify the lawyer and merely asked for sanctions against Plaintiff.

4. Whether the Bankruptcy court erred by granting the motion for sanctions when it was improperly filed and not in compliance with L.B.R. 9014-1(h)(E.D.M) nor L.R. 7.1(a)(E.D.M).

## ANALYSIS

---

[2]Based on Fife's briefing, and the record provided on appeal, it appears that, after the bankruptcy court's decision to award sanctions, Fife's counsel uncovered more evidence proving the frivolity of Nathanson's action, including the transcripts of the oft-cited prior proceedings. Further, in the briefing to determine the appropriate award, Fife alleges that Nathanson reviewed Fife's confidential client file, which had been accidently left at Nathanson's office. While these assertions are deeply troubling, they were not before the bankruptcy court when it made the decision being appealed and, therefore, the Court will not consider them now.

A decision to impose sanctions pursuant to § 1927 is reviewed for abuse of discretion. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2015). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Id*. In other words, an abuse of discretion occurs when the reviewing court has a "definite and firm conviction that the trial court committed a clear error of judgment." *Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010).

## I. The Bankruptcy Court Did Not Err by Awarding § 1927 Sanctions For All Fees Incurred After August 1, 2017

Because the first two issues are intertwined, the Court will address them together.

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court may sanction an attorney under § 1927 even in the absence of any "conscious impropriety." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir.2009) (citation omitted). The proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Id*. An award of fees under the statute thus requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id*.

Here, the bankruptcy court did not abuse its discretion by awarding § 1927 sanctions for all work done after August 1, 2017. Throughout discovery, Nathanson asserted that he possessed evidence that proved his claim. He did not. When Fife's attorney investigated the evidentiary basis

for the complaint, he discovered that the alleged evidence actually contradicted Nathanson's claims and that Nathanson appeared to be relying on his own flawed memory of Debtor's testimony at the relevant proceedings. When faced with Fife's summary judgment motion, Nathanson failed to provide any competent evidence to support his claims; he simply restated his well-worn, unsupported assertion that "Debtor has testified on numerous occasions, beginning with his testimony in the state court proceedings...and continuing through Debtor's two § 341 meetings of creditors, that the Predator machine and [EOD Cabinet] were loaned to Defendant for 'research purposes'" (ECF No. 3, PageID 133). This complete failure to substantiate his claims shows that, no later than August 1, 2017 (the date he filed his response) Nathanson knew, or should have known, that his lawsuit was frivolous. By continuing the litigation, Nathanson unreasonably multiplied the proceedings.

Further, Nathanson contradicts his own argument that the bankruptcy court erred by not confining the sanctions to extra work related only to the EOD cabinet. At the sanctions hearing, Nathanson described this case as "one claim with two assets," Hr'g on Mot. for Sanctions Tr. 12:24-25 Feb. 8, 2018 (ECF No. 3, PageID 460), and argued that the two assets were "intertwined." *Id*. at 13:23. As Nathanson also stated, "[t]here isn't really any additional work that [Fife's] counsel had to do to defend against the [EOD Cabinet]." *Id*. at 14:2-4. The bankruptcy court appears to have agreed with Nathanson and sanctioned him for all work that Fife's counsel did for both machines after August 1, 2017. Based on Nathanson's own statements, this decision was reasonable.

Finally, Nathanson's subjective good faith, as evidenced by his self-serving affidavit, does not save him. The § 1927 standard is objective. *See Rentz* 556 F.3d at 396 (6th Cir. 2009).

For these reasons, the Court concludes that the bankruptcy court did not abuse its discretion

7

in awarding § 1927 sanctions for all work done by Fife's counsel after August 1, 2017.

    **II.    The Argument that Fife's Motion Did Not Sufficiently Identify Nathanson as the Person Against Whom Sanctions Were Sought is Not Properly Before This Court and is Meritless**

Nathanson argues that, in order for sanctions to be awarded under § 1927, an individual lawyer must be identified as having unreasonably and vexatiously multiplied the proceedings. This follows, he argues, from Sixth Circuit precedent holding that a lawyer "must be given notice and opportunity to be heard" before a court imposes a sanction. *See Cook v. Am. S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1998).

Nathanson raises this argument for the first time in his brief on appeal, and the Court need not consider it because it was not preserved below. *See In re Mayer*, 451 B.R. 702, 707 (E.D. Mich. 2011) (citing *Homel v. Helvering*, 312 U.S. 552, 556 (1941)).

However, even if this argument was properly before the Court, it is meritless. Fife's motion stated that he was seeking sanctions pursuant to § 1927, which clearly provides for personal liability against attorneys. Nathanson is the only attorney to have appeared on behalf of Frank in this case. The bankruptcy court also held a hearing on the motion for sanctions. Thus, the Court concludes that Nathanson received sufficient notice and opportunity to be heard before the sanctions were imposed.

    **III.    Failure to Seek Concurrence Does Not Require Denial of the Sanctions Motion**

Finally, Nathanson argues that Fife's motion for sanctions was not properly before the bankruptcy court because Fife did not seek concurrence, pursuant to Local Bankr. Rule 9014(h) or Local Court Rule 7.1(a). This argument is a nonstarter. Bankruptcy and district courts in this jurisdiction have routinely waived these requirements when it is obvious that the opposing party

would not have concurred in the requested relief. *See e.g. Berryman v. Hofbauer*, 161 F.R.D. 341, 343-344 (E.D. Mich. 1995); *In re Birmingham Cosmetic Surgery, PLLC*, 2015 WL 1038801 at *1-2 (Bankr. E.D. Mich. 2015) (collecting cases); *See also S.S. v Eastern Kentucky University*, 532 F.3d 445, 451 ("The interpretation and application of local rules are matters within the district court's discretion...") (internal citation omitted).

Moreover, Nathanson cannot show—and does not even allege—that Fife's failure to seek concurrence harmed him in any way. Nathanson has provided no reason to believe that he would have concurred in the motion to impose sanctions; in fact, he has vehemently opposed the motion since it was filed. To deny the motion on this technical point would "not serve the interests of judicial fairness and economy." *Berryman*, 161 F.R.D. at 343-344. Thus, the bankruptcy court did not err in declining to do so.

## CONCLUSION

The bankruptcy court did not abuse its discretion by awarding § 1927 sanctions against Nathanson for all work done after August 1, 2017. Thus, the Court **ORDERS** that the bankruptcy court's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: January 11, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2019, by electronic and/or ordinary mail.

                                                s/Jennifer McCoy
                                                Case Manager