UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
Kevin W. Kulek
      Debtor.

_____/

Keith M. Nathanson,                                         Case No. 18-11509
           Appellant                            Honorable Sean F. Cox

v.                                                 Bankruptcy Case No. 16-21030
                                                 Adversary Case No. 17-02001

Timothy J. Fife,
         Appellees.

_____/

## ORDER DENYING MOTION FOR SANCTIONS (ECF No. 11)

This action involved an appeal of the bankruptcy court's decision to impose sanctions under 28 U.S.C. § 1927. On January 11, 2019, the Court affirmed the bankruptcy court's decision to sanction Appellant Keith M. Anderson. (ECF Nos. 9 and 10).

Now, Appelle Timothy J. Fife has filed a "motion for sanctions pursuant to Fed. R. Bankr. Pro. 8020, 28 U.S.C. 1927, and this Court's inherent authority." (ECF No. 11). Fife argues that Nathanson's appeal was frivolous, taken in bad fath, and unreasonably multiplied these proceedings.

Fed. R. Bankr. Pro. 8020 provides, in pertinent part, that "[i]f the district court ... determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Bankruptcy Rule 8020 "is materially the same as Federal Rule of Appellate Procedure 38 ('Appellate Rule 38'), and is intended to provide ... district courts hearing bankruptcy appeals with coextensive authority to award sanctions for a frivolous appeal." *In re Reese*, 485 Fed. App'x 32, 35 (6th Cir. 2012) (citing Fed. R. Bankr. P. 8020 Advisory Committee Notes (1997 Amendment)).

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court may sanction an attorney under § 1927 even in the absence of any "conscious impropriety." *Rentz v. Dynasty Apparel Indus., Inc*., 556 F.3d 389, 396 (6th Cir.2009) (citation omitted). The proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Id*. An award of fees under the statute thus requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id*.

Finally, the Court may sanction under its inherent authority "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

The Court finds that sanctions are not appropriate under any of the cited authorities. A bankruptcy appeal is frivolous if "the result is obvious or when the appellant's argument is wholly without merit." *In re Smyth*, 470 B.R. 459, 462 (B.A.P. 6th Cir. 2012). While the Court disagreed with Nathanson's arguments on appeal, the arguments were not frivolous. Further, the Court concludes that Nathanson did not take this appeal for wholly improper purposes or out of bad faith.

Accordingly, Fife's motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 15, 2019